IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TINA M. TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-147 |
| | ) | (Formerly CR 115-032) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at the Federal Correctional Institution in Aliceville, Alabama, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

### A. Indictment

On March 4, 2015, the grand jury in the Southern District of Georgia charged Petitioner with one count of wire fraud, in violation of 18 U.S.C. § 1343 ("Count One"). United States v. Tucker, CR 115-032, doc. no. 1 (S.D. Ga. Mar. 4, 2015) ("CR 115-032"). The Court appointed attorney M. Travis Saul to represent Petitioner. Id., doc. no. 26.

### B. Agreement to Plead Guilty

On May 19, 2015, Petitioner pleaded guilty to Count One of the indictment. Id., doc.

nos. 33-35. The plea agreement contained a factual basis for the plea which stated in relevant part:

> Between in or about January 2007 and in or about October 2012, [Petitioner] did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain and attempt to obtain money and property from Regent Security Services, Inc., by means of materially false and fraudulent pretenses, representations, promises, and omissions . . . . It was part of the scheme and artifice to defraud that [Petitioner] would transfer money from Regent's payroll account at SunTrust bank ending in "1697" into her own Wells Fargo bank account ending in "9144" without the knowledge of or authorization from Regent . . . . On or about July 1, 2011, [Petitioner] for the purpose of executing, and attempting to execute, the scheme and artifice, did transmit and cause to be transmitted, by means of a wire communication in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds, that is, a transfer of $666.58 and $734.84 (a total of $1401.42) from Regent's account at SunTrust to her personal account at Wells Fargo; all for her own personal benefit. All in violation of Title 18, United States Code, Section 1343.

Id., doc. no. 35, p. 2.

The plea agreement also contained an appeal and collateral attack waiver, as follows:

> Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the Court enters a sentence above the statutory maximum, (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the Court at sentencing; or (3) the government appeals the sentence . . . . Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that the Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

Id. at 6-7.

Petitioner attested she read and carefully reviewed the plea agreement with her attorney, understood each provision, and voluntarily agreed to it. Id. at 10.

**C. Change of Plea Hearing**

During the change of plea hearing, the Honorable J. Randal Hall established Petitioner's competence to enter a guilty plea if she desired. Id., doc. no. 54, pp. 20-21. Petitioner also testified under oath she had adequate time to discuss her case with her attorney and was entirely satisfied with the services rendered by Mr. Saul. Id. at 7-8. Judge Hall read the indictment and asked if Petitioner understood the charge therein. Id. at 5-7. Petitioner confirmed she understood. Id. at 7-8. Judge Hall also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed she understood those rights. Id. at 8-10.

Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id. Petitioner affirmed no one had threatened, pressured, or promised her anything to plead guilty, id. at 3, nor had anyone promised, predicted, or prophesied Petitioner would receive a specific sentence. Id. at 15.

In addition, Judge Hall reviewed the waiver provision in Petitioner's plea agreement, informing Petitioner she was "giv[ing] up or waiv[ing] [her] right to appeal [her] conviction and sentence on any ground" and "giving up or waiving [her] right to collaterally attack [her] conviction and sentence on any ground in a post-conviction type proceeding." Id. at 11. However, Judge Hall explained Petitioner could appeal if Petitioner was sentenced above the guideline range, above the statutory range, or if the government appealed, and Petitioner could collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel. Id. Petitioner confirmed she understood. Id. at 12. Judge Hall also

asked Petitioner if she discussed her plea agreement with counsel and if she signed the plea agreement, cautioning Petitioner if she did, she would be bound by all the terms of the agreement. Id. at 10. Petitioner affirmed she discussed the plea agreement with counsel, signed the plea agreement, and understood she would be bound by all the terms within the plea agreement. Id. at 12.

Judge Hall heard the factual basis for Petitioner's guilty plea from Special Agent Chuck McKee with the Federal Bureau of Investigation (FBI). Id. at 17. SA McKee summarized the facts underlying Petitioner's offense as follows:

> [F]rom January of 2007 through approximately October of 2012, [Petitioner] was the accounting manager at Regent Security Services, Incorporated. As the accounting manager she had responsibilities for the payroll for the company. [P]art of her responsibilities were transmitting the payroll information and wiring monies from a bank account which was a SunTrust Bank account which held the company's funds.
>
> During this period of time she devised and executed a scheme to defraud her employer, Regent, by means of wire communication which was in interstate commerce, funds in excess of $450,000 to her personal account which was held at a Wells Fargo Bank — her personal account.

Id. at 17-18.

Judge Hall accepted the guilty plea, finding a sound factual basis for it. Id. at 20-21.

**D. Presentence Investigation Report (PSI)**

The United States Probation Office prepared a PSI, which set Petitioner's base offense level at seven. PSI ¶ 23. Petitioner's adjusted offense level was twenty-three after enhancements of: (1) fourteen levels because of the loss amount; and (2) two levels due to her role in the offense as someone who abused a position of trust. PSI ¶¶ 24, 26, 28. This adjusted offense level was decreased three points for acceptance of responsibility, resulting in a total offense level of twenty. PSI ¶¶ 30-32. Based on a total offense level of twenty and

a criminal history category of I, Petitioner's guideline imprisonment range was between 33 and 41 months. PSI ¶ 63.

**E. Sentencing**

Sentencing was held on September 15, 2015. CR 115-032, doc. nos. 42, 45. Petitioner filed no objections to the PSI; however, through counsel, she filed clarifying comments as to paragraphs 45, 53, 55, and 59, which the probation officer incorporated into the PSI. PSI Addendum. Although he did not file objections, Petitioner's counsel did file a Sentencing Memorandum, requesting the Court consider, in light of changes to the Sentencing Guidelines for fraud offenses effective November 1, 2015, a twelve-level increase for the specific characteristics enhancement for loss amount rather than the fourteen-level increase specified in the PSI. CR 115-032, doc. no. 39. Counsel noted that application of changes to Petitioner's case would result in a lower guidelines range of 17 to 33 months imprisonment. Id.

At sentencing, Mr. Saul revived his arguments from the Sentencing Memorandum, contending the Court should vary downward from the current guideline range and impose a sentence within the forthcoming November 1, 2015 guideline range of 27 to 33 months imprisonment. Id., doc. no. 55, pp. 5-6. He further argued the Court should consider Petitioner's cooperation and lack of criminal history in mitigation. Id. at 4-6.

After hearing arguments from Mr. Saul and AUSA Belk, Judge Hall sentenced Petitioner to 40 months of incarceration, three years of supervised release, a $100.00 special assessment, and $529,003.71 in restitution. Id., doc. no. 55, pp. 9-13; doc. no. 46. The Court specifically noted "the sentence imposed today would have been imposed under the new lower amendment to the guidelines in that the Court has determined that the sentence

imposed is sufficient for this offense, for the amount of the loss, for the breach of trust that occurred that led to this offense." Id., doc. no. 55, p. 10.  Final judgment was entered on September 18, 2015.  Id., doc. no. 46.  Petitioner did not file an appeal.

### C. Post-Conviction Proceedings

On September 6, 2016, Petitioner timely filed this 28 U.S.C. § 2255 motion.  (Doc. no. 1.)  Petitioner alleges in three grounds of relief that trial counsel was ineffective for failing to (1) "completely explain [her] plea agreement" and arrange a plea bargain; (2) present a repayment plan; and (3) request a sentence on the lower end of the Sentencing Guideline range.  (Id. at 5.)  Respondent asserts counsel was not ineffective and Petitioner's claims are meritless.  (Doc. no. 3.)

## II. DISCUSSION

### A. There is No Need for an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)).  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).  Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible."  Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Rosin v. United States, 786 F.3d 873, 878-79 (11th Cir. 2015); Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

**B. Petitioner's Ineffective Assistance Claims Are Meritless.**

**1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . .

could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show

both counsel's representation fell below an objective standard of reasonableness, *and* there is a reasonable probability that but for counsel's errors, she would have insisted on going to trial. Id. at 56-59.

**2. Petitioner Has Not Shown Entitlement to Relief Based on the Claim in Ground One.**

Petitioner claims in Ground One that, prior to entry of her guilty plea, counsel "failed to completely explain [the] plea agreement" and did not "even tr[y] to arrange a plea bargain." (Doc. no. 1, pp. 6-7.) If found to have merit, this assertion would cast doubt on the knowing and voluntary nature of the entire guilty plea. However, as discussed *infra*, Petitioner's guilty plea was knowing and voluntary, and her ineffective assistance claim in Ground One fails on the merits.

**a. Petitioner's Guilty Plea was Knowingly and Voluntarily Entered.**

**i. Standard for Enforceability of Guilty Pleas.**

Once a guilty plea becomes final, unless the record demonstrates the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. United States v. Broce, 488 U.S. 563, 569 (1989). In conducting its analysis, the Court starts with the proposition a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows: "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights. A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional

sense." United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. Thus, a defendant must receive "real notice of the true nature of the charged crime." Id.

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

**ii. Judge Hall's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.**

Judge Hall informed Petitioner in clear terms of the charges to which she was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified she understood the charges and penalties. CR 115-032, doc. no. 54, pp. 5-8, 11-15. Petitioner also admitted to the facts presented by the government as the factual basis for the pleas and told Judge Hall she wanted to plead guilty. Id. at 17-20. Judge Hall provided a detailed explanation of the rights Petitioner would forfeit by pleading

guilty, and Petitioner affirmed she understood her decision to plead guilty would result in a waiver of these rights. Id. at 8-10. Petitioner testified no one had made her any promises other than those contained in the plea agreement to get her to plead guilty, and her decision to plead guilty was not the result of pressure, threats or promises. Id. at 3, 15. Petitioner also testified that she had reviewed her case with counsel and was satisfied with the help she had received from counsel. Id. at 7-8. Thus, Judge Hall's thorough plea colloquy ensured Petitioner understood both the nature of the charges and the consequences of her guilty plea, and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown, a reasonable probability that but for any alleged error at the Rule 11 proceeding she would not have entered her guilty plea. See Dominguez Benitez, 542 U.S. at 83.

As such, Petitioner will not now be heard to claim her guilty plea was not knowingly and voluntarily entered. Any such assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. See United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ( "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

      **b. Petitioner's Claim that Counsel Failed to "Completely Explain [the] Plea Agreement" and Failed to "Tr[y] to Arrange a Plea Bargain" Is Meritless.**

Having determined Petitioner's plea was knowing and voluntary, the Court turns to Petitioner's claim that counsel failed to "completely explain [the] plea agreement" and failed to arrange a plea bargain. There is a strong presumption that Petitioner's statements made under oath at her plea hearing were true. As the Supreme Court explained,

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (U.S. 1977); see also United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true.").

As discussed in detail *supra*, Judge Hall thoroughly questioned Petitioner regarding her understanding of her guilty plea, its consequences, and her counsel's services. He reviewed in detail the plea agreement and confirmed that Petitioner agreed to its terms. CR 115-032, doc. no. 54, pp. 10-13. Judge Hall also specifically inquired about Petitioner's satisfaction with Mr. Saul:

> THE COURT: Have you had as much time as you need to talk to your lawyer about this charge?
>
> THE DEFENDANT: Yes, sir . . . .
>
> THE COURT: . . . Are you satisfied with the help that you've received from Mr. Saul in this case as your lawyer so far?
>
> THE DEFENDANT: Yes, sir.

Id. at 8.

Now, nearly a year later, Petitioner cursorily alleges counsel "failed to completely explain [the] plea agreement" and failed to "even tr[y] to arrange a plea bargain" without citing any evidence for these claims. (Doc. no. 1, p. 4.) These allegations directly contradict Petitioner's sworn testimony during her change of plea hearing that she had plenty of time to discuss the plea agreement with her lawyer and was satisfied with his representation.

Therefore, Petitioner's "conclusory allegations unsupported by specifics [are] subject to summary dismissal." Blackledge, 431 U.S. at 74.

Furthermore, Petitioner never avers that but for counsel's advice, she would have proceeded to trial. (Doc. no. 1.) Indeed, Petitioner does not specify how counsel's alleged failure to explain the plea agreement affected the outcome of her case. (Id. at 4.) She never suggests there is a reasonable probability that but for counsel's alleged errors she would not have pleaded guilty and would have gone to trial. See Hill, 474 U.S. at 59. Therefore, Petitioner fails to carry her heavy burden to show prejudice under the second prong of Strickland, and her ineffective assistance of counsel claim in Ground One does not afford relief.

**3. Petitioner Has Not Shown Entitlement to Relief Based on the Claim in Ground Two.**

In Ground Two, Petitioner argues counsel was ineffective for "fail[ing] to present [a] repayment plan." (Doc. no. 1, p. 4.) This claim is without merit.

"Restitution claims, including ineffectiveness claims premised upon a failure to object to a restitution amount, are not reachable in § 2255 proceedings since they do not challenge the movant's custody." Nix v. United States, No. CR 409-164, 2011 WL 5404159, at *6 (S.D. Ga. Nov. 8, 2011), *report and recommendation adopted*, No. CV 411-160, 2012 WL 1339601 (S.D. Ga. Apr. 17, 2012); Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) ("[Petitioner] cannot utilize § 2255 to challenge his restitution."). That Petitioner brings other claims challenging her sentence does not change this result. See Mamone, 559 F.3d at 1211 ("the presence of a cognizable claim against [Petitioner]'s custodial punishment does not make his non-cognizable claims more amenable to our review"). Therefore,

Petitioner's ineffective assistance claim based on restitution is barred from review and without merit.

**4. Petitioner Has Not Shown Entitlement to Relief Based on the Claim in Ground Three.**

In Ground Three, Petitioner argues counsel was ineffective for not "tr[ying] to get [a] shorter sentence on the small end of [the] guideline range." (Doc. no. 1, p. 4.) This claim is without merit because it is affirmatively contradicted by the record.

Petitioner's counsel advocated for a lesser sentence on two separate occasions. First, counsel filed a Sentencing Memorandum advising the Court regarding changes to the Sentencing Guidelines for fraud offenses that the U.S. Sentencing Commission adopted effective November 1, 2015. CR 115-032, doc. no. 39. In that memorandum, counsel requested the Court consider a twelve-level increase for the specific characteristics enhancement for loss amount rather than the fourteen-level increase specified in the PSI, which would have resulted in a lower guidelines range of 17 to 33 months imprisonment. Id.

At sentencing, counsel repeatedly argued for a lower sentence. He revived the arguments raised in his Sentencing Memorandum, contending the Court should vary downward from the current guideline range and impose a sentence within the forthcoming November 1, 2015 guideline range of 27 to 33 months imprisonment. Id., doc. no. 55, pp. 5-6. He also argued the Court should consider Petitioner's cooperation and lack of criminal history in mitigation. Id. at 4-6. In spite of counsel's ardent advocacy for a lesser sentence, the Court sentenced Petitioner to 40 months imprisonment. Id. at 9-10.

Therefore, because Petitioner's counsel attempted multiple times to secure a lesser sentence for her, Petitioner's claim of ineffective assistance is contrary to fact and meritless.

Accordingly, Petitioner has not demonstrated entitlement to relief on any claim in her motion and it should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA